IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3:05-CR-0120-P(1) |
| | § | NO. 3:10-CV-1898-P |
| WILLIAM BRENT | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant William Brent, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

Defendant was charged in a ten count superseding indictment with numerous firearms and drug trafficking offenses. During plea negotiations, the government proposed two alternative plea offers: (1) defendant could plead guilty to two counts of being a felon in possession of a firearm, waive his appellate rights, and agree to a sentence of 240 months imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C); or (2) defendant could plead guilty to three counts of being a felon in possession of a firearm, retain his appellate rights, and face a maximum statutory sentence of 30 years imprisonment. In either case, all remaining charges would be dismissed by the government.

Both the government and defense counsel estimated that defendant faced a range of imprisonment between 168 and 210 months under the advisory United States Sentencing Guidelines. Because he believed that his maximum Guidelines sentence would be lower than the government's alternative offer of 240 months imprisonment and since he wished to retain his appellate rights, defendant entered into the agreement to plead guilty to the three counts alleging that he was a felon

in possession of a firearm.

Defendant appeared for rearraignment before the United States Magistrate Judge on October 26, 2006. Before recommending that the court accepting defendant's guilty plea, the judge had the prosecutor summarize the elements of the offense and informed the defendant of the range of punishment. (*See* Rearr. Tr. at 10-11, 13). Specifically, defendant was told that the maximum penalty for each offense was 10 years in prison and a fine not to exceed $250,000, resulting in a possibility of up to 30 years in prison and a fine not to exceed $750,000. (*Id.* at 13). Defendant testified that he understood the maximum penalties prescribed by law upon conviction. (*Id.* at 14). With respect to the calculation of his sentence, the judge told the defendant that the advisory Sentencing Guidelines would be considered by the court, but that the court was not bound by any stipulations between the parties and may depart from the Guidelines. (*Id.* at 8). Defendant acknowledged that he understood the judge's explanations about sentencing. (*Id.* at 9). On the recommendation of the United States Magistrate Judge, the court accepted defendant's guilty plea and adjudicated defendant guilty on November 14, 2006.

Prior to sentencing, a federal probation officer prepared a Presentence Investigation Report ("PSI"). Although defense counsel and the prosecutor had predicted a Guidelines sentencing range of 168 to 210 months imprisonment during plea negotiations, the probation officer applied the cross-reference set forth in section 2K2.1(c) of the Sentencing Guidelines, used section 2D1.1 to calculate the applicable offense level, and recommended a sentencing range of 262 to 327 months. Recognizing that their mutual mistake had compelled defendant to accept the plea agreement, defense counsel and the prosecutor renewed negotiations. The prosecutor indicated that she would not object to defendant's motion to withdraw his guilty plea, but that the alternative plea offer of 240 months imprisonment was no longer available. On March 7, 2007, the date initially set for his

sentencing, defendant was permitted by the court to withdraw his guilty plea. Defendant proceeded to trial where he was convicted on June 27, 2007 of possessing more than fifty grams of cocaine base with intent to deliver, possessing a firearm in furtherance of a drug trafficking crime, and three counts of being a felon in possession of a firearm. Defendant was sentenced to life imprisonment and sixty months, set to run consecutively. The conviction and sentence were affirmed on direct appeal. *United States v. Brent*, 300 F. App'x 267 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009). Defendant then timely filed this motion under 28 U.S.C. § 2255.

II.

Defendant contends that he received ineffective assistance of counsel because his lawyer's erroneous prediction of his Guideline range caused him to forego a more favorable plea agreement.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L. Ed. 2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is

a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

B.

Defendant alleges that he was prejudiced by his lawyer's miscalculation of the sentence that he faced upon entering a guilty plea, which led him to reject an earlier and more advantageous plea offer. This argument is misplaced. Defendant was permitted to withdraw his guilty plea and go to trial, so counsel's advice to enter into a now-void plea agreement is not relevant to the court's analysis. Instead, defendant must establish prejudice through proof that his lawyer's failure to convey the risks of trial prevented him from making an intelligent choice about whether to accept a plea offer. *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). That is, defendant must establish a reasonable probability that with proper information, he would have pleaded guilty and such guilty plea would have resulted in a shorter sentence. *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004).[1]

Defendant has failed to meet this burden. As he concedes in the brief supporting his habeas petition, defendant understood that his two options were to persist in his guilty plea and receive up to thirty years imprisonment, or withdraw his plea and face up to life imprisonment after trial. *See*

---

[1] The government claims, without citation, that prejudice has not been proven because defendant cannot establish that the court would have accepted the alternative plea agreement under Rule 11(c)(1)(C). However, the Fifth Circuit has explained that requiring a habeas petitioner to show a reasonable probability that the court would have approved a plea agreement in order to establish prejudice is "inconsistent with Supreme Court precedent, [and] it would also yield an unworkable standard." *Arnold v. Thaler*, 630 F.3d 367, 371 (5th Cir. 2011), *petition for cert. filed*, 79 U.S.L.W. 3609 (U.S. Apr. 5, 2011) (No. 10-1240). The government is cautioned a party's duty not to misinform the court includes the obligation to acknowledge contrary authority where it exists.

Pet. Br. at 5. It is simply irrelevant that there was, at one point, a more favorable plea agreement available.[2] Defendant does not allege, and certainly cannot establish, that due to his lawyer's actions he was unaware of the criminal penalty he faced if convicted at trial. Indeed, knowing the penalty he faced if convicted, defendant voluntarily withdrew his guilty plea. Accordingly, defendant has not shown that he was prejudiced by any deficient conduct by his lawyer.

C.

Having determined that defendant was not prejudiced by his lawyer's miscalculation, the court is not required to consider whether counsel's conduct was deficient. *See Stewart*, 207 F.3d at 751. However, the court feels compelled to address the issue because both defendant and the government suggest that defense counsel's miscalculation, alone, supports a finding of deficiency. Both parties cite *Herrera* and *Grammas* for the proposition that a defense lawyer acts deficiently by "grossly underestimating a defendant's exposure under the sentencing guidelines." Resp. Br. at 14, *quoting Herrera*, 412 F.3d at 581. However, this is not a case where defense counsel's erroneous prediction of the defendant's sentencing exposure under the Guidelines caused him to opt for trial. *See Grammas*, 376 F.3d at 436-37 (defendant advised that he faced only 6 to 12 months confinement if convicted sentenced to 70 months imprisonment after trial); *see also Herrera*, 412 F.3d at 580 & n.13 (defendant sentenced to 78 months imprisonment rejected plea offer of no more than 48 months based upon advice that he faced no more than 51 months imprisonment if convicted at trial). Defendant was correctly informed that he faced life imprisonment if convicted at trial, or up to 30

---

[2] Even had defendant persisted in his guilty plea, he would not be entitled to habeas relief. An erroneous calculation of the applicable guideline range does not establish prejudice where the court has the opportunity to correct any misinformation regarding sentencing exposure when it conducts the plea colloquy. *United States v. Casey*, No. 3:04-CV-2347-D, 2007 WL 2706269 at *5 & n.3 (N.D. Tex. Sept. 17, 2007).

years confinement if he persisted in his guilty plea. Such advice was not deficient.[3]

III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is denied.

IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[4] In the event the petitioner will file a notice of appeal, the court notes that the petitioner will need to pay the $455.00 appellate filing fee or submit a motion

---

[3] Even had defendant persisted in his guilty plea, his counsel's failure to anticipate the application of a cross-reference within the Sentencing Guidelines would not be sufficient to establish deficiency. Courts have long recognized that estimating a guideline range is not an exact science and that defense counsel is not deficient for making a prediction that turns out to be different from the sentence recommended by Probation. *See United States v. Rivas-Lopez*, No. H-09-3335, 2010 WL 1782234 at *8 (S.D. Tex. Apr. 30, 2010) (citing cases); *see also United States v. Moya*, 730 F. Supp. 35, 44 (N.D. Tex. 1990). Similarly, the failure of counsel to warn of possible enhancements under the Sentencing Guidelines does not amount to deficient conduct. *See United States v. Collins*, No. 3:08-CV-606-WHB, 2009 WL 910842 at *5 (S.D. Miss. Apr. 1, 2009) (citing cases).

[4] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

to proceed *in forma pauperis*.

SO ORDERED this 5th day of ~~June~~ July, 2011.

*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE